IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>VS<br><br>FERNANDO GOMEZ ROSARIO<br>DEFENDANT | CRIMINAL NO: 00-108 (DRD) |

**MOTION OBJECTING GOVERNMENT'S REQUEST TO VACATE
ORDER OF MAY 23, 2003**

TO THE HONORABLE COURT:

Comes now the defendant through the undersigned counsel and very respectfully deposes and states:

1. The government filed a motion on September 8, 2003, requesting the court to vacate the Order of May 23, 2003 which authorizes access to and use of the law library at the Metropolitan Detention Center. The Order expressly provides that the defendant is to be allowed maximum access to the law library and legal publications, and that "any copies required with respect to same be provided without fee or cost to the defendant." [DE 303]

2. The objection is basically on the grounds that the defendant did not exhausted the administrative procedures available through the Bureau of Prisons.



This objection is not in accordance with reality. How much time will it take defendant to follow the administrative procedures to gain access to the law library? The sentence date was scheduled for September 30, 2003 the government filed an objection to the PSI on September 9, 2003. The defendant has been appointed an attorney that was not the trial attorney, and the government has raised serious objections to the PSI which require knowledge of the insight of trial, and the trial transcripts, although requested have not been provided.

3. The doctrine for exhaustion of administrative remedies has exceptions, and this is one of those cases in which the exception applies. In *McCarthy v. Madigan*, 112 S. Ct. 108 (1992) the Court held:

> "This Court's precedents have recognized at least three broad sets of circumstances I which the interests of the individual weight heavily against requiring administrative exhaustion. *First*, requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action. Such prejudice may result, for example, from an unreasonable or indefinite timeframe for administrative action (...) Even where the administrative decisionmaking schedule is otherwise reasonable and definite, a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim.........."

4. In the instant case the defendant is not suing the government, he just requested the court access to the law library of the institution. The court granted the petition and the government has not presented a valid reason to set aside the court's order and the request to set aside said order is belated. This order was entered on May 22, 2003. The Federal Rules of Criminal Procedure do not provide for a

reconsideration, and it does not comply with Local Rule 406 and 311.

**WHEREFORE**, it is respectfully requested from this Honorable court to deny government's motion.

In San Juan, Puerto Rico on October 16, 2003.

CERTIFICATE OF SERVICE: I hereby certify that copy of this motion has been served to AUSA Daniel J. Vaccaro, U. S. Attorney's Office, Torre Chardón Bldg. Suite 1201, 350 Carlos Chardón Ave.. Hato Rey, P. R. 00918.

MIRIAMRAMOS-GRATEROLES
USDC 120303
P. O. Box 191352
San Juan, Puerto Rico 00919-1352
Te. (787) 296-2529
Fax. (787) 296-2528