UNITED STATES DISTRICT COURT
FOR THE JUDICIAL DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

V.                                              Crim. No. 00-108(GSZ)

FERNANDO GOMEZ-ROSARIO
Defendant.
==================================

*filed in open court 12/9/05 at 9:35 am*

REQUEST FOR PREPARATION OF NEW P.S.I.
INCLUDING ALL INFORMATION RELEVANT TO
T. 18 USCA s 3552(a) SENTENCING FACTORT

COMES NOW the defendant, Fernando Gomez-Rosario, (Mr.Gomez and or Defendant"), by and through this pro-se motion and very respect-fully moves this Honorable Court to direct the probation's office to prepare a new **P.S.I.** in light of **Booker**, and all relevant infor-mation as to **s. 3553(a)**'s relevant factors. Information that was not included under the traditional Rule 32(d)(2), as it under the mandastory United States Sentencing Guideline, ("U.S.S.G.") it would have not influenced Gomez's sentence, but now, under the advisory **Guideline,** such information is substantially and indispensably needed by the court to comply with **T. 18 USCA s. 3553(a)(2)**, in order to impose a setence "Sufficient,but not greatedr than necessary"," to fulfill the needed for sentence imposed.

INCORPORATED MEMORANDUM OF LAW

SENTENCING FRAMEWORK

-1-

1. Sentencing court must now consider all of the goals and factors set forth in t. 18 USCA §.3553(a), not just the Guideline and policy statement in the **Guilines Manual. See Booker, 125 S. Ct. at 757, 764,, 766, 767, 768. See also, e.g., United Statee v. Crosby, 397 F.3d 103, 111, 112 (2d Cir. Feb.,2, 2005); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. Mar. 16, 2005).**

2. <u>Parsimony Provision</u>: The new madatory principa is a limiting a one: The sentence must be **"sufficient, but not greater than necessary."** to fulfill "(2) the need for the sentence imposed -"

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from the further crimes of the defendant;
> (D) to provide the Defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner."

18U.S.C. 3553(a)(2)(emphasis supplied).

Courts across the spectrum have recognized that they must honor that parsymony provision See eg., <u>united states v. Spigner</u>, 416 F.3d 708,711 (8th cir.2005); <u>united states v.Gray</u>, 362 F.supp.2d 714,717

(S.D.W. Va. 2005) (Goodwin. J.); United States V. Angelo, 345 F.Supp.2d 1227, 1227, 1240 (D. Utah 2004) (Cassel, J,).

3. **Factors the court "shall consider "** in determining a sentence that is sufficient but not graeter then necessary to achieve the goals of sentencing:

(1) " the nature and circunstance of the offense" and the history and characteristic of the defendant"

(2) " the kinds of sentence available"

(3) " the advisory guidelines

(4) " any pertinent policy statement" in the guilines Manual, which includes departures

(5) "the need to avoid unwarranted sentence disparities among defendants with similar record which have been found guilty of similar conduct"

(6) " the need to provide restitution for the victims of the offense"

4. A failure to consider 3553(a) factors **which are invoked by counsel** in the case, is a mandatory guilines sentence and thus violates both the **Sixth Amendment and Booker's** remedial interpretation of the sentencing statute. See **United States V. Crosby, 397 F.3d 103, 114-15 (2d Cir. 2005)** ( mandatory application of the guilines is error if based on judge found facts, or if based on jury found facts); **United States v. Williams, 372 F.Supp.2d 1335 (M.D. Fla., 2005)** (Government shows disrespect for the law in

continuing to advocate that the guiline sentence is the only reasonable sentence. Contrary to **Booker** and separation of powers); **United States v. Hoskins, 364 F.Supp.2d 1214 (D. Mont. 2005)** ( Government's argument for life sentence simply because that is the guideline sentence assumes that **Booker**'s abandoment of mandatory guidelines is illusory).

## Conclusion

Unless a new presentence Report is prepare in in light of Booker, and its T. 18 U.S.C. § 3553(a)'S Sentencing factors, the court would be imposing a mandatory sentence in violation of Gomez's Sixth Amendment, and Booker's Remedial interpretation of the Sentencing Statute

Wherefore, it is Respectfully Requested that this Honorable court grant this motion and issue an order for the provation office to prepare a P.S.I. in addition

-4-

to any additional Remedies that this court may deem needed

In San Juan, Puerto Rico on this 12-9-05

Respectfully Submitted
By: *[signature]*

Fernando Gomez-Rosario,
Reg. No. 18938-069,
M.D.C. Guaynabo, P.O. Box 2147
San Juan P.R. 009

-5-